UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARCANGELO CAPOZZOLO

           Appellant,

v.

GROW AMERICA FUND, INC.,

           Appellee.

**DECISION AND ORDER**

21-CV-757S

---

## I.  INTRODUCTION

In this action, Arcangelo Capozzolo appeals an order of Chief Bankruptcy Judge Carl Bucki granting summary judgment to his creditor, Grow America Fund, Inc., in an adversary proceeding. In granting summary judgment, Judge Bucki held that Capozzolo's debt to Grow America was not dischargeable in bankruptcy because it had been obtained by false pretenses or fraud.

Before this Court is Grow America's motion to dismiss Capozzolo's appeal. (Docket No. 12.) For the following reasons, Grow America's motion will be granted.

## II.  BACKGROUND

Appellant Capozzolo filed for bankruptcy pursuant to Chapter 7 of the bankruptcy code on December 6, 2019. (Docket No. 10-2 at p. 2.) On May 18, 2020, Appellee Grow America commenced an adversary proceeding seeking a determination that Capozzolo's debt to it was not dischargeable in bankruptcy. (Docket No. 3-2 at pp. 6-9, see also

W.D.N.Y. Bankruptcy Court Adv. Pro. No. 1-20-1018-CLB.)[1] Grow America claimed that Capozzolo's debt was incurred with intentionally false and fraudulent representations and was therefore not dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), (a)(2)(B), and (a)(6). (Id. at p. 6-9.)

On February 26, 2021, Grow America moved for summary judgment on each of the causes of action in its Adversary Complaint. (Docket No. 3-8.) On June 10, 2021, Judge Bucki granted Grow America's motion from the bench, finding that Capozzolo's debt to it was not dischargeable in bankruptcy pursuant to sections 523 (a)(2)(A) and (a)(2)(B), but not pursuant to section 523 (a)(6). (Docket No. 3-14.)

Capozzolo filed a notice of appeal of Judge Bucki's decision on June 24, 2021. (Docket No. 1.) On July 26, 2021, the record on appeal was transmitted to the District Court. (Docket No. 3.) Capozzolo moved for an extension of time to perfect his appeal on August 18, 2021, and this Court granted his motion, allowing him to perfect his appeal within 45 days. (Docket No. 9.)

On August 31, 2021, Grow America moved to dismiss Capozzolo's appeal. (Docket No. 10.) It argued that Judge Bucki's decision granting summary judgment as to the dischargeability of Capozzolo's debt was not an appealable final order. Grow America argued that there would only be an appealable final order once the amount of the debt was determined and a judgment entered against Capozzolo. (See Docket No. 10-1 at pp. 6-8.) Capozzolo opposed Grow America's motion, arguing that Judge Bucki's

---

[1] "A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir.1991)). This Court takes judicial notice of the docket entries in the related Adversary Proceeding, Adv. Pro. 1-20-1018-CLB.

determination of nondischargeability is a final and appealable order. (Docket No. 13-1 at pp. 4-5.) This Court stayed briefing of Capozzolo's appeal until it resolved Grow America's motion to dismiss. (Docket No. 16.)

For context, this Court notes that while matters were proceeding on the instant appeal before this Court, the parties continued to litigate the adversary proceeding before Judge Bucki in Bankruptcy Court. Grow America sought and was granted leave to amend its complaint and it filed an amended adversary complaint on June 21, 2021. (See Docket No. 10-3.) The amended adversary complaint requested a money judgment for the non-dischargeable amount due to Grow America, including collection expenses, accrued interest, late fees, and attorney's fees. (Id. at p. 10.) Grow America then moved for summary judgment on its amended adversary complaint, which Judge Bucki granted on September 17, 2021.  (See Docket No. 1-3, case 21-CV-1084S.) Judge Bucki granted monetary damages to Grow America in the amount of $4,288,119. (Id.) Judge Bucki declined to determine the amount of attorney's fees due, finding that issues of fact remained regarding that question. (Id.)

On October 4, 2021, Capozzolo commenced a second action before this Court by filing a notice of appeal of Judge Bucki's September 17, 2021 order. (Docket No. 1, Case 21-CV-1084S.)

### III.  DISCUSSION

**A.    Legal Standards**

**1.  District Court Jurisdiction over Bankruptcy Appeals**

"Bankruptcy court rulings are appealable to the district courts pursuant to 28 U.S.C.

§ 158(a), which gives the district court jurisdiction to review both final determinations, and, with leave, interlocutory orders of the bankruptcy court." In re Hooker Invs., Inc., 937 F.2d 833, 836 (2d Cir. 1991) (citing 28 U.S.C. § 158 (a)).

"'[B]ecause bankruptcy proceedings often continue for long periods of time, and discrete claims are often resolved at various times over the course of the proceedings, the concept of finality that has developed in bankruptcy matters is more flexible than in ordinary civil litigation.'" In re Hooker, 937 F.2d at 836 (quoting In re Chateaugay Corp., 880 F.2d 1509, 1511 (2d Cir. 1989)). In the bankruptcy context, it is possible to immediately appeal orders "that finally dispose of discrete disputes within the larger case." In re Sonnax Indus., Inc., 907 F.2d 1280, 1283 (2d Cir. 1990) (quoting In re Johns-Manville Corp., 824 F.2d 176, 179 (2d Cir. 1987) (internal quotations omitted)). However, because there is a "strong federal policy against piecemeal appeals." In re Prudential Lines, Inc., 59 F.3d 327, 331 (2d Cir. 1995), a "dispute," for appealability purposes in the bankruptcy context, "means at least an entire claim on which relief may be granted." In re Fugazy, 982 F.2d at 775–7. And a "dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded." Id.

**B.    Judge Bucki's June 10, 2021 Order was not a final, appealable order.**

Capozzolo argues that Judge Bucki's June 10, 2021 order is final, because bankruptcy procedure allows for multiple appeals within a larger ongoing bankruptcy claim. This argument is unavailing. Judge Bucki's June 10, 2021 order granting summary judgment on the dischargeability of Capozzolo's debt to Grow America—the subject of Grow America's adversary proceeding—did not resolve all the issues in that proceeding, because it did not resolve "the amount of damages to be awarded." In re Fugazy, 982

4

F.2d at 776; see also In re Food Mgmt. Grp., LLC, No. 14-MC-166 KMK, 2015 WL 327953, at *5 (S.D.N.Y. Jan. 23, 2015) (finding a decision was not final where it left unresolved the issue of the proper amount of damages to be awarded to Plaintiff).

Because the order Capozzolo seeks to appeal was not final, this Court lacks jurisdiction to address it. Grow America's motion to dismiss Capozzolo's appeal will therefore be granted.

## IV.  CONCLUSION

For the reasons stated above, Appellee Grow America's motion to dismiss Capozzolo's appeal is granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Grow America's Motion to Dismiss (Docket No. 10) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:     October 26, 2021
           Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge